## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY D. CHAMBERS,<br>        Plaintiff,<br>  v.<br>TIMOTHY A. FIKE, CRETE<br>CARRIER CORP.<br>        Defendants. | Case No. 13-1410-RDR |

## **MEMORANDUM AND ORDER**

This is a personal injury action filed in state court and removed to this court on the basis of diversity jurisdiction. This matter is now before the court upon defendant Timothy Fike's motion to dismiss pursuant to FED.R.CIV.P. 12(b)(5). Doc. No. 15. Fike contends that he should be dismissed because he has not been properly served with process. If service of process was insufficient, then the court lacks personal jurisdiction over Fike. Blackmon v. U.S.D. 259 Sch. Dist., 769 F.Supp.2d 1267, 1273 (D.Kan. 2011).

I. FACTUAL BACKGROUND

This case arises from a motor vehicle accident on October 31, 2011 in which, according to the amended complaint, defendant Fike was driving a truck for defendant Crete Carrier Corporation. Plaintiff filed this action in state court on September 5, 2013, misnaming Timothy "Pike" as a defendant. A

notice of service was filed on November 7, 2013. Doc. No. 5. It states that "Timothy Pike was served by leaving a copy at Defendant's last known residence 3965 AI 77 Hwy, Ohatchee, AL 36271, on October 30, 2013, and a copy was sent by first class mail addressed to Timothy Pike at [the same address] on October 31, 2013." This case was removed to federal court on October 31, 2013.

An amended complaint was filed on November 8, 2013 correcting defendant Fike's name. According to the return of summons filed December 5, 2013 (Doc. No. 8), defendant Fike was served by "tacking at 3965 AL 77 Hwy, Ohatchee, AL 36271 and mailing a copy to the Defendant's last known address of 3965 AL 77 Hwy, Ohatchee, AL 36271." An affidavit from Crystal Bates has been filed in support of the motion to dismiss. The affidavit states that Crystal Bates has lived at 3965 AL 77 Hwy, Ohatchee, AL 36271 with her family at least since October 1, 2013 and that she has never met defendant Fike and that he has not lived at that address while Bates has lived there. Bates further states in the affidavit that she told this to a process server in the fall of 2013, but he left the paperwork with her anyway.

Defendant Fike filed an answer on December 16, 2013. Doc. No.9. Among other defenses, defendant Fike asserted insufficient service of process.

II. PLAINTIFF HAS FAILED TO EFFECT SERVICE OF PROCESS UPON DEFENDANT FIKE.

Defendant Fike contends in the motion to dismiss that plaintiff's attempts to serve him fail to comply with federal and state law. Defendant's motion places the burden upon plaintiff to make a prima facie showing that defendant was properly served with process. See Fisher v. Lynch, 531 F.Supp.2d 1253, 259 (D.Kan. 2008).

Plaintiff has responded to the motion to dismiss, first, by contending that plaintiff complied with the Kansas rules of service found in K.S.A. 60-303(d)(1)(C). This statute provides:

> If personal or residence service cannot be made on an individual, other than a minor or a disabled person, service is effected by leaving a copy of the process and petition or other document at the individual's dwelling or usual place of abode and mailing to the individual by first-class mail, postage prepaid, a notice that the copy has been left at the individual's dwelling or usual place of abode.

K.S.A. 60-308 provides that service of process may be made on any party outside of Kansas in the same manner as service within Kansas. Those methods are set forth in K.S.A. 60-303. Plaintiff asserts that compliance was achieved because plaintiff twice left a summons and the complaint at Fike's "last known place of dwelling or abode, according to public record" which was "2965 AL 77 Hwy, Ohatchee, AL 36271."[1] Doc. No. 19 at p. 4.

---

[1] The court assumes that "2965" is a typographical error because the notice of summons in the record indicates that summons was left at "3965" AL 77 Hwy, Ohatchee, AL 36271.

3

Plaintiff further notes that the address plaintiff used to serve process upon Fike was the address listed in an accident report and that the documents mailed to that address were never returned as undeliverable, noting an incorrect address, or with a forwarding address.

It is undisputed that if plaintiff complied with Kansas law as to service of process, then plaintiff complied with the requirements of FED.R.CIV.P. 4(e)(1) which incorporates state rules for service for the state where the district court is located or where service is made.

If the court finds that service was improper under Kansas and federal law, plaintiff asks that he be allowed to amend the complaint to include Fike's proper identity and location and that the court extend the time for service under the provisions of FED.R.CIV.P. 4(m).

In reply, defendant insists that service of process was improper under Kansas law because K.S.A. 60-303 does not permit service upon an individual at his or her "last known" dwelling or abode. Defendant, however, does not respond to plaintiff's request that the court extend the time for service under the provisions of Rule 4(m).

The court agrees with defendant Fike that service of process was insufficient. Plaintiff has not made a prima facie showing that he served process at Fike's dwelling or usual place

4

of abode. At best, plaintiff has made a prima facie showing that he served process at Fike's former dwelling or usual place of abode. Such service does not satisfy the requirements of 60-303. See Amsbaugh v. Exchange Bank, 5 P. 384, 386-87 (Kan. 1885)(service of a notice at a person's former place of residence, after he has removed therefrom, is not service at his "usual place of residence"); see also, Rosa v. Cantrell, 705 F.2d 1208, 1213-147 (10th Cir. 1982)(service was proven at "usual place of abode" because defendant failed to prove it was his former place of abode).

III. PLAINTIFF WILL BE GRANTED A PERMISSIVE EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS UPON DEFENDANT FIKE.

Federal law requires that in cases removed from state court "in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. Rule 4(m) of the Federal Rules of Civil Procedure provides that service must be accomplished within 120 days after the complaint is filed, or: "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified

time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

For cases which are removed to federal court, the 120-day period begins once the case is removed. Wallace v. Microsoft Corp., 596 F.3d 703, 706 (10th Cir. 2010). There is a two-step analysis for dismissal pursuant to Rule 4(m). Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir. 1995). "If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." Id.

Plaintiff has failed to show good cause for an extension of time. From the accident report, plaintiff had reason to believe that defendant Fike lived at the 3965 address in 2011. Plaintiff also alleges that he did an "Accurint" search which listed Fike's address as "2965 AL 77 Hwy, Ohatchee, AL 36271." Doc. No. 19, p. 1. Without further explanation or elaboration from plaintiff, the court must find that he has not demonstrated good cause for the defective service. Another judge of this court has stated:

> "The 'good cause' provision of [Rule 4(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994); *see also* In re

> Kirkland, 86 F.3d 172, 174 (10th Cir. 1996)(Tenth Circuit has interpreted "good cause" narrowly). This "good cause" standard requires a showing greater than "excusable neglect". *See* Kirkland, 86 F.3d at 175. Simple inadvertence or ignorance of the rules does not suffice. *See* id. at 174; Cox v. Sandia Corp., 941 F.2d 1124, 1125 (10th Cir. 1991); Putnam v. Morris, 833 F.2d 903, 904 (10th Cir. 1987)."

Arey v. Progressive Halcyon Ins. Corp., 2007 WL 1018798 *2 (D.Kan. 4/3/2007). Plaintiff does not cite a factor beyond plaintiff's control which prevented proper service of process. After defendant's answer alleged insufficient service, plaintiff had notice that there may have been a problem with his attempts at service and had time to investigate whether service was defective. It does not appear that plaintiff did so and merely relied upon the fact that the service documents were not returned to plaintiff as undeliverable. Plaintiff has not shown meticulous efforts to comply with the rules of service or factors beyond his control which have made service difficult or impossible. Therefore, the court shall find that good cause does not exist to extend the time for service of process.

Next, the court must consider whether to grant plaintiff a permissive extension of time to make proper service even though plaintiff has not shown good cause. Here, we believe a permissive extension is appropriate because there is no indication that defendant Fike has been prejudiced by the delay or that the proceedings in this case have been seriously

7

disrupted.  In addition, plaintiff appears to have acted in good faith and it further appears that the statute of limitations would bar any refiled action against Fike if this case was dismissed.  Under these conditions, we believe a permissive extension of time to effect service of process on defendant Fike on or before June 9, 2014 is appropriate.  Other cases from this district have granted such extensions under somewhat similar circumstances.  See Spiess v. Meyers, 483 F.Supp.2d 1082, 1097-98 (D.Kan. 2007); Brown v. Baeke, 2005 WL 309940 (D.Kan. 2/2/2005); Waddy v. Unified Government of Wyandotte County, 2002 WL 31527858 (D.Kan. 11/5/2002).

IV. CONCLUSION

In conclusion, for the above-stated reasons, the motion to dismiss (Doc. No. 15) is denied and plaintiff is granted time until June 9, 2014 to effect service of process upon defendant Fike.

**IT IS SO ORDERED.**

Dated this 7th day of May, 2014, at Topeka, Kansas.

s/RICHARD D. ROGERS
Richard D. Rogers
United States District Judge