**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JEFFREY D. CHAMBERS,            )
                                )
                    Plaintiff,  )
                                )
v.                              )        Case No. 13-1410-RDR
                                )
TIMOTHY A. FIKE, *et al.*,      )
                                )
                    Defendant.  )

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the Court upon Defendant Crete Carrier Corporation's Motion to Strike Plaintiff's Notice of Expert Witness Disclosures (ECF No. 25). Crete Carrier's motion argues that Plaintiff Jeffrey D. Chambers' expert witness disclosures fail to comply with the requirements set forth in Fed. R. Civ. P. 26(a)(2), which governs retained and non-retained expert disclosures. Based on the following reasons, Crete Carrier's motion is denied.

I.      **Relevant Background**

On October 31, 2011, a vehicle accident occurred involving a vehicle driven by Mr. Chambers and a semi-truck owned by Crete Carrier and driven by one of its employees, Timothy Fike. Mr. Chambers subsequently brought this personal injury action against Crete Carrier and Mr. Fike, alleging injuries and damages as a result of the accident.

In February 2014, the Court entered a scheduling order establishing all case management deadlines in this case, including the deadline of April 11, 2014, for Mr. Chambers to serve his expert witness disclosures. On April 11, 2014, Mr. Chambers served his expert witness disclosures, designating Chet Buchman, Dennis Shaw, Dr. Alexander Bailey, and "[a]ll other medical providers whose opinions are consistent with their reports and records which have been

previously produced" as experts.[1] On February 20, 2014, preceding service of his expert disclosures, Mr. Chambers served Crete Carrier his Rule 26(a)(1) initial disclosures, which included copies of a "Damage Estimate" report authored by Mr. Buchman, a "Crash Investigation Report" authored by Mr. Shaw, and an independent medical examination report authored by Dr. Bailey.

On April 25, 2014, Crete Carrier served objections to Mr. Chambers' expert disclosures. The present motion to strike was filed thereafter and alleges that Mr. Chambers' expert disclosures are insufficient. Specifically, Crete Carrier argues that Mr. Buchman and Mr. Shaw are retained experts, and therefore, should have provided a written report in compliance with Rule 26(a)(2)(B), which governs retained expert disclosures. Moreover, Crete Carrier argues Dr. Bailey's disclosure is also not accompanied by a written expert report adhering to the specific Rule 26(a)(2)(B) requirements. Crete Carrier further argues that Mr. Chambers' disclosure of "all other medical providers" fails to comply with Rule 26(a)(2)(C), which governs non-retained expert disclosures.

Mr. Chambers disagrees with Crete Carrier's assertions and proclaims that striking these disclosures is unwarranted. He argues that Mr. Buchman and Mr. Shaw are not retained experts requiring Rule 26(a)(2)(B) written reports. He contends that he only provided expert reports of these two witnesses in his Rule 26(a)(1) initial disclosures out of an abundance of caution. Further, he offers to supplement his disclosures to cure any deficiencies.

The Court will address Crete Carrier's arguments in turn after first determining two initial matters—whether the Court should consider: (1) Crete Carrier's request for relief raised first in his reply brief, and (2) Mr. Chambers' surreply to the present motion.

---

[1] *See* Pl.'s Notice of Expert Witness Disclosures at 1, ECF No. 18.

## II.     The Court's Consideration of New Relief Raised in Reply Brief and Surreply

For the first time in its reply brief, Crete Carrier requests the Court to extend the deadline to complete all physical or mental examinations under Fed. R. Civ. P. 35 and to serve its own expert disclosures. In this instance, the Court declines to enter an order granting such extensions arising for the first time in a reply brief.[2] According to the Tenth Circuit, the rationale of this rule is "obvious."[3] "Allowing a moving party to raise an issue for the first time in a reply brief robs the opposing party of the opportunity to demonstrate that the record does not support the moving party's factual assertions and/or to present an analysis of the legal issues and precedent that may compel a contrary result."[4] In addition, Crete Carrier fails to comply with D. Kan. Rule 6.1, which requires any motion for an extension of time to perform an act to show "whether there has been prior consultation with other parties and the views of other parties." Crete Carrier request is denied.

On June 23, 2014, Mr. Chambers filed a surreply to the current motion. Under D. Kan. Rule 7.1(c), briefing on motions is limited to the motion (with memorandum in support), a response and a reply. Surreplies typically are not allowed.[5] "They are permitted in rare cases only, and not without leave of court."[6] There is no justification for a surreply that essentially

---

[2] *See Util. Trailer Sales of Kansas City, Inc. v. Mac Trailer Mfg., Inc.*, No. 09-2023-JWL, 2010 WL 1141333, at *3 (D. Kan. Mar. 22, 2010).

[3] *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

[4] *Util. Trailer Sales of Kansas City, Inc.*, 2010 WL 1141333, at *3 (citing *Stump*, 211 F.3d at 533).

[5] *Garcia v. Univ. of Kan. Hosp.*, No. 12-2792-KHV, 2013 WL 4482696, at *3 (D. Kan. Aug. 21, 2013) (citation omitted).

[6] *Id.*; *see Hall v. Whitacre*, No. 06-1240-JTM, 2007 WL 1585960, at *1(D. Kan. May 31, 2007) ("Surreplies are heavily disfavored, and are allowed only in the most extraordinary circumstances.").

provides additional and longer arguments.[7] The parties' briefing "must have an end point and cannot be permitted to become self perpetuating." Nonetheless, as the Tenth Circuit explains,

> the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply. If the district court does not rely on the new material in reaching its decision, however, it does not abuse its discretion by precluding a surreply. "Material," for purposes of this framework, includes both new evidence and new legal arguments.[8]

Here, Mr. Chambers failed to seek leave of the court to file a surreply. His surreply also predominately serves as an expansion of his arguments set forth in his response to Crete Carrier's motion. Any arguments relating to Crete Carrier's newly proposed request for relief will also not be considered because the Court did not rely upon the new material in reaching its decision. For these reasons, the Court finds Mr. Chambers' surreply to be improper and will not be considered by this Court.

### III.   Discussion

Rule 26(a)(2) governs the disclosure of expert testimony. Rule 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Depending upon the nature of the witness, a party may also need to disclose additional information. Pursuant to Rule 26(a)(2)(B), a witness "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" must prepare and sign an expert report that contains:

> (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;

> (ii)   the facts or data considered by the witness in forming them;

---

[7] *Hall*, 2007 WL 1585960, at * 1.

[8] *Green v. New Mexico*, 420 F.3d 1189, 1197 (10th Cir. 2005) (citations and quotations omitted).

(iii)    any exhibits that will be used to summarize or support them;

(iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi)    a statement of the compensation to be paid for the study and testimony in the case.

In 2010, Rule 26(a)(2) was amended to include a more limited disclosure for experts not retained or specially employed to provide expert testimony (e.g., treating physicians or employees of a party who do not regularly provide expert testimony). "The amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement."[9] These non-retained experts now must comply with Rule 26(a)(2)(C), which requires the disclosure to state:

(i)     the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii)    a summary of the facts and opinions to which the witness is expected to testify.

The purpose of Rule 26(a)(2) is to require disclosure of expert testimony "sufficiently in advance of trial so that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."[10] When the expert disclosure rules are violated, Fed. R. Civ. P. 37(c) mandates that the information or

---

[9] Fed. R. Civ. P. 26(a)(2)(C), advisory committee's note (2010).

[10] see *Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191 (10th Cir. 2009) (quoting Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendments); *see also Wheeler v. FDL, Inc.*, No. 02-2444-CM, 2003 WL 22843172, at *1 (D. Kan. Nov. 17, 2009).

witness not fully disclosed be barred from supplying evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. Therefore, the determinative issue before the Court is whether Mr. Chambers' expert disclosures comply with Rule 26(a)(2).

### a.     Mr. Buchman

Crete Carrier argues that Mr. Buchman's expert disclosure fails to include a written report in compliance with Rule 26(a)(2)(B), as required for retained experts. Specifically, Crete Carrier contends that Mr. Buchman's "Damage Estimate" report fails to include any of the underlying facts or data in forming his opinions; the expert's qualifications, including any publications authored by Mr. Buchman; and a list of cases in which, during the previous four years, Mr. Buchman testified as an expert. Moreover, Crete Carrier contends that the report is unsigned, does not state who prepared the report, and may not contain a complete statement of all the expert's opinions.

Mr. Chambers, however, argues that Mr. Buchman is not a hired, retained expert and is not required to meet the Rule 26(a)(2)(B) requirements. Mr. Chambers asserts that he only provided Mr. Buchman's "Damage Estimate" report in his initial Rule 26(a)(1) disclosures out of an abundance of caution. In an affidavit attached to Mr. Chambers' response brief, Mr. Buchman states the he is an accountant and has assisted Mr. Chambers for several years. Mr. Buchman's assistance included tax preparation and business planning for Mr. Chambers and his business (Smoky Valley Nursery, LLC). Mr. Buchman further states that neither Mr. Chambers nor his attorneys paid him to create his report or to act as an expert in this case. Nonetheless, Mr. Chambers offers to supplement this expert disclosure to include the resume of Mr. Buchman detailing his qualifications.

The distinction between retained and non-retained experts often arises in the context of treating physicians. In those cases, courts have concluded that

> [t]o the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under Fed. R. Evid. 702, 703 and 705. However, when the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specifically retained to develop specific opinion testimony, he becomes subject to the provisions of Fed. R. Civ. P. 26(a)(2)(B). The determinative issue is the scope of the proposed testimony.[11]

Courts, in part, "look to whether the medical opinions, conclusions, and observations being offered by the treating physician necessarily played a role in his or her care and treatment of the plaintiff."[12]

Applying the same principle to the case at hand, Mr. Buchman's proposed opinions may only encompass the facts made known to him during the course of his business dealings with Mr. Chambers (i.e. tax preparation and business planning) for him to be considered a non-retained expert. Opinions extending beyond these facts would demonstrate that he was retained or specially employed to provide expert testimony in the case. The latter is present here. As evidenced by Mr. Buchman's "Damage Estimate" report, his opinions and conclusions were specifically prepared for this litigation to summarize "the economic impact on Smoky Valley

---

[11] *Jones v. Greyhound Lines, Inc.*, No. 08-1185-MLB-DWB, 2009 WL 2195760, at *2 (D. Kan. July 22, 2009) (quoting *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995)); *see Nagle v. Mink*, No. 10-cv-01935-PAB-MEH, 2011 WL 3861435, at *3 (D. Colo. Aug. 29, 2011) ("When a witness' testimony is limited to his observations, diagnosis and treatment of a patient, the physician is testifying about what he saw and did and why he did it, even though the physician's treatment and his testimony about that treatment are based on his specialized knowledge and training. Under these circumstances, no Rule 26(a)(2)(B) report is necessary. However, when a witness opines as to causation, prognosis, or future disability, the physician is going beyond what he saw and did and why he did it and is giving an opinion formed because there is a lawsuit." (internal citations and quotations omitted)).

[12] *Richard v. Hinshaw*, No. 09-1278-MLB, 2013 WL 6709674, at *1 (D. Kan. Dec. 18, 2013) (citing *Kennedy v. United States*, No. 07-1093-JTM, 2008 WL 717851, at *1-2 (D. Kan. Mar. 17, 2008)).

Nursery, LLC from the accident involving Jeff Chambers that occurred on October 31, 2013."[13] His report estimates the total economic damage Mr. Chambers suffered as a result of the accident by calculating and adding past and future lost income. Mr. Buchman's estimations are based off several assumptions about Mr. Chambers' tree nursery business, including future crops sales spanning a ten year period. These conclusions go beyond the prior course of business dealings with Mr. Chambers. Instead, they specifically opine on Mr. Chambers' alleged damages asserted in this case. For this reason, the Court concludes Mr. Buchman is an expert whose report must comply with the Rule 26(a)(2)(B) requirements.

Turning to Mr. Buchman's report, the Court finds that it fails to comply with Rule 26(a)(2)(B) on several grounds. For instance, the report is unsigned and fails to acknowledge who authored it. The report lacks the witness's qualifications, including all publications authored in the previous ten years. Also absent is a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition.

Because Mr. Buchman's report fails to comply with Rule 26(a)(2)(B), the Court could strike his expert disclosure under Rule 37(c). However, Rule 37(c) permits courts to refuse to strike improper expert opinions and allow the expert testimony if the violation of the Rules is justified or harmless.[14] "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[15] While a court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness

---

[13] *See* Damage Estimate at 1, ECF No. 26-2.

[14] *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 952 (10th Cir. 2002); *see In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, No. 05-md-1721-KHV, 2008 WL 4937651, at *3 (D. Kan. Nov. 17, 2008) ("Rule 37(c)(1) provides that a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e) is not—unless such failure is harmless—permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed.").

[15] *Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2013 WL 1819773, at *7 (D. Kan. Apr. 30, 2013) (citations omitted).

of a failure to disclose," the court should be guided by the following factors: 1) the prejudice or surprise to the party against whom the testimony is offered, 2) the ability to cure any prejudice, 3) the potential for trial disruption if the testimony is allowed, and 4) the erring party's bad faith or willfulness.[16] The burden to demonstrate substantial justification and the lack of harm is on the party who failed to make a proper disclosure.[17] The primary goal of sanctions is to deter misconduct.[18] "In ruling on a motion to exclude expert testimony under Rule 37(c)(1), the court should bear in mind that it is a 'drastic sanction.'"[19]

After careful consideration of the above-mentioned standard, the Court is convinced that this situation does not warrant the drastic sanction of striking Mr. Buchman's disclosure. Almost two months before Mr. Chambers served his expert disclosure, Mr. Buchman and his economic damages report were disclosed in Mr. Chambers' Rule 26(a)(1) disclosures.[20] Therefore, any surprise is minimal at best. If any prejudice does exist, it is curable by Mr. Chambers supplementing his disclosure to comply with Rule 26(a)(2)(B). Moreover, the trial in this matter will not be disrupted because it has not been set and discovery is still ongoing with a deadline of September 12, 2014. In addition, no evidence exists of Mr. Chambers' bad faith or willfulness in serving an improper expert disclosure. Crete Carrier's request to strike Mr. Chambers' expert

---

[16] *Id.* (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *Gutierrez v. Hackett,* 131 F. App'x 621, 625-26 (10th Cir. 2005)).

[17] *A.H. v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2010 WL 4272844, at *5 (D. Kan. Oct. 25, 2010) (citations omitted).

[18] *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 640 (D. Kan. 2001).

[19] *A.H.*, 2010 WL 4272844, at *5 (citing *Myers v. Mid-West Nat. Life Ins. Co.,* No. 04–cv–00396–LTB–KLM, 2008 WL 2396763, at *2 (D. Colo. June 9, 2008); *Burton,* 203 F.R.D. at 640)).

[20] Mr. Chambers' initial disclosures were provided to the Court and served upon the Defendants on February 20, 2014. His initial disclosures disclose Chet Buchman as a financial advisor in this matter. Additionally, the damages computation section of his Rule 26(a)(1) disclosure includes Mr. Buchman's income/business economic losses of $820,000.00, which is the number calculated in Mr. Buchman's report. Mr. Buchman's report was also provided to Mr. Chambers at this time. *See* Pl.'s Resp. to Mot. to Strike at 2, ECF No. 32.

disclosure of Mr. Buchman is denied provided that Mr. Chambers supplements this expert disclosure to fully comply with Rule 26(a)(2)(B) within fourteen (14) days from the date of this order.

### b.     Mr. Shaw

Crete Carrier argues that Mr. Shaw's expert disclosure fails to include a written report in compliance with Rule 26(a)(2)(B). Similar to its arguments made with Mr. Buchman's report, Crete Carrier contends that Mr. Shaw's "Crash Investigation Report" fails to include the expert's qualifications, including any publications authored by Mr. Shaw, and a list of cases in which, during the previous four years, Mr. Shaw testified as an expert. Mr. Chambers disagrees and argues that Mr. Shaw, an investigator, is not a retained expert and is not required to comply with Rule 26(a)(2)(B). Mr. Chambers asserts that he only provided Mr. Shaw's report in his initial Rule 26(a)(1) disclosures out of an abundance of caution.

After reviewing Mr. Shaw's "Crash Investigation Report," it is clear that he was hired to provide testimony for this litigation. In fact, Mr. Chambers states that "Plaintiff hired Mr. Shaw as an investigator." Mr. Shaw's own investigation report contains the following heading, which evidences that it was prepared for this litigation:

JEFFREY D. CHAMBERS vs. TIMOTHY A. FIKE AND CRETE
CARRIER CORP.
Case No. 6:13-CV-01410-RDR-KGS

Further, his report details his investigation and offers opinions as to causation of the underlying vehicle accident. The report was also generated after the accident was investigated by the McPherson County Sheriff's Office and the vehicles were removed from the scene. Based upon this information, Mr. Shaw's employment is consistent with a witness retained or specially employed to provide expert testimony in this case, which requires a Rule 26(a)(2)(B) report.

The report provided by Mr. Shaw, however, does not fully comply with Rule 26(a)(2)(B). For example, his report lacks the specific details as argued by Crete Carrier (i.e. Mr. Shaw's qualifications, list of publications, and a list of cases in which he testified as an expert). For this reason, the Court could strike Mr. Shaw's disclosure for not complying with Rule 26(a)(2)(B). However, after careful consideration, the Court finds it inappropriate to do so for substantially the same reasons as outlined above for Mr. Buchman's disclosure. Any surprise by Mr. Shaw's disclosure is minimal because he too was disclosed in Mr. Chambers' initial Rule 26(a)(1) disclosure, which also was accompanied by Mr. Shaw's "Crash Investigation Report" and Mr. Shaw's exhibits (i.e., photos, a diagram, and video). Any prejudice is curable through supplementation. Crete Carrier's request to strike Mr. Shaw's disclosure is denied provided that Mr. Chambers supplements this expert disclosure to fully comply with Rule 26(a)(2)(B) within fourteen (14) days from the date of this order.

### c.    *Dr. Bailey*

Crete Carrier also contends that Dr. Bailey's expert disclosure fails to include a written report in compliance with Rule 26(a)(2)(B). Specifically, Crete Carrier argues that Dr. Bailey's report lacks the basis for his opinions, exhibits, qualifications, a list of cases in which Dr. Bailey testified as an expert, and the statement of compensation he received. Further, Crete Carrier draws the Court's attention to the fact that the report is not signed by Dr. Bailey and indicates that it is "preliminary" in the signature block. In response, Mr. Chambers concedes that the report does not fully comply with Rule 26(a)(2)(B) and vows to immediately supplement the report to fully comply with the Rules. Further, Mr. Chambers clarifies that Mr. Bailey's report is not preliminary and is his complete report. In its reply brief, Crete Carrier confirms that Mr. Bailey's report was supplemented to cure some, if not all, of the Rule 26(a)(2)(B) deficiencies.

11

Therefore, the Court finds it unwarranted to strike Mr. Bailey's disclosure based upon the recently provided supplemental information and for substantially the same reasons as outlined above for Mr. Buchman's and Mr. Shaw's disclosures. If Dr. Bailey's report still fails to comply with Rule 26(a)(2)(B), Mr. Chambers shall supplement this disclosure to fully comply with the Rule within fourteen (14) days from the date of this order.

### d.      All Other Medical Providers

As stated above, Mr. Chambers disclosed in his expert disclosure "[a]ll other medical providers whose opinions are consistent with their reports and records which have been previously produced." Approximately six days prior to the filing of the present motion, the parties discussed the sufficiency of this disclosure in accordance with Rule 26(a)(2)(C), which governs non-retained expert disclosures. In their conversations, counsel for Mr. Chambers declared to supplement the disclosure of Mr. Chambers' treating physicians in an attempt to comply with Rule 26(a)(2)(C).[21] Crete Carrier's present motion, however, avers that Mr. Chambers did not supplement this disclosure, and therefore, should be stricken. In response, Mr. Chambers notes that he provided Crete Carrier with all of his medical records, which included all medical providers, in his initial Rule 26(a)(1) disclosures. Nonetheless, Mr. Chambers vowed to immediately supplement the disclosures to comply with Rule 26(a)(2)(C), which he did later that day.[22]

Although Crete Carrier acknowledges that the supplemental disclosures contain more detail, including identifying Mr. Chambers' treating physicians by name, it contends that the disclosure is still insufficient. Namely, Crete Carrier argues that the supplemental disclosure only contains a general description of the medical provider's testimony, lacks a summary of the

---

[21] Aff. of Hal. D. Meltzer at ¶ 8, ECF No. 26-1.

[22] *See* Pl.'s Disclosure of Medical Providers Pursuant to Fed. R. Civ. P. 26(a)(2)(C), ECF No. 31.

proposed opinions, and lacks facts used to formulate those opinions. Moreover, Crete Carrier draws the Court's attention that for each medical provider listed, Mr. Chambers states that their "testimony is expected to be consistent with Mr. Chambers' medical records and bills already produced in this case and that will be supplemented as required."[23] This, as Crete Carrier argues, does not comply with the Rule.

Because it is clear that Mr. Chambers' original expert disclosures of "all other medical providers" was insufficient, the Court looks to the supplemental disclosure to determine whether it adequately complies with Rule 26(a)(2)(C). As Magistrate Judge Kenneth G. Gale noted in a 2013 opinion, there is scant case law outlining what constitutes a sufficient disclosure under Rule 26(a)(2)(C).[24] At a minimum, the disclosure should obviate the danger of unfair surprise regarding the factual and opinion testimony of the non-retained expert.[25] It is not enough to state that the witness will testify consistent with information contained in the medical records or consistent with the testimony given during his or her deposition.[26] Instead, Rule 26(a)(2)(C) disclosures must contain more than a passing reference to the general type of care a treating physician provided.[27] They must summarize actual and specific opinions.[28] The disclosing party should provide "a brief account that states the main points" of the entirety of the anticipated

---

[23] *See id.* at 2-4.

[24] *Shepeard v. Labette Cnty. Med. Ctr.*, No. 11-1217-MLB-KGG, 2013 WL 881847, at *1 (D. Kan. Mar. 7, 2013).

[25] *See id.*

[26] *See, e.g.*, *Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-cv-01094-JEC, 2013 WL 1189493, at *6 (N.D. Ga. Mar. 21, 2013) (finding it insufficient that a party provided medical records in lieu of a summary of testimony); *Nicastle v. Adams Cnty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1655547, at *3 (D. Colo. Apr. 29, 2011) (finding it insufficient that non-retained expert witnesses would testify consistent with all matters raised in their depositions).

[27] *See Shepeard*, 2013 WL 881847, at *1.

[28] *See id.*

testimony.[29] This does not mean that the disclosures must outline each and every fact to which the non-retained expert will testify or outline the anticipated opinions in great detail. Imposing these types of requirements would make the Rule 26(a)(2)(C) disclosures more onerous than Rule 26(a)(2)(B)'s requirement of a formal expert report. That was certainly not the intent behind the 2010 amendments to the Rule. Instead, the court "must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have."[30]

After a review of the supplemental disclosures, the Court finds that it does not fully comply with the Rule 26(a)(2)(C) standard just outlined. For instance, the supplemental disclosure of Dr. Peter DeWitt states:

> Dr. DeWitt was Mr. Chambers' general care physician. He is expected to testify regarding the general course of Mr. Chambers' medical care and treatment, including without limitation referrals made for care and treatment provided by others and the reasons for those referrals, the reasonableness and necessity of the care and treatment, and the reasonableness of charges for necessary care and treatment. Dr. DeWitt is also expected to testify concerning the nature and extent of Mr. Chambers' injuries, pain, suffering, and disability. All of his testimony is expected to be consistent with Mr. Chambers' medical records and bills already produced in this case and that will be supplemented as required.

Dr. DeWitt's disclosure is vague and merely a passing reference to the general type of care he provided, which is insufficient under Rule 26(a)(2)(C). The statement that Dr. DeWitt's proposed testimony will be consistent with Mr. Chambers' medical records and bills is not enough. At the very least, Dr. DeWitt's disclosure needs to elaborate on the "general course of Mr. Chambers' medical care and treatment" and provide a brief account of the specific treatment

---

[29] *A.R. by Pacetti v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, No. 12-cv-02197-RM-KLM, 2013 WL 5462277, at *3 (Sept. 30, 2013) (quoting *Nicastle v. Adams Cnty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011)).

[30] *Valentine v. CSX Transp., Inc.*, No. 09-1432-JMS-MJD, 2011 WL 7784120, at *4 (S.D. Ind. May 10, 2011).

provided and the necessity for that treatment, making sure to include the main points that he will testify to at trial. Moreover, he must summarize the patient referrals he made, including the medical provider's name and the main reasons for the referral. The disclosure should also expand on the "reasonableness of charges for necessary care and treatment" to include what major charges were assessed and for which specific treatment, noting that an itemized list of all charges with an explanation is not required. Further, a brief summary of the nature and extent of Mr. Chambers' injuries that Dr. DeWitt will testify about is necessary.

Like Dr. DeWitt's disclosure, the eight other treating medical providers contained in the supplemental disclosures only include a brief paragraph with regard to the general treatment or care provided. A summary of the actual and specific opinions are not present. Also lacking is a brief account that states the main points of the entirety of the anticipated testimony. Despite these failures to comply with Rule 26(a)(2)(C), the Court finds that striking these disclosures is unwarranted for substantially the same reasons addressed in Mr. Buchman's, Mr. Shaw's, and Dr. Bailey's disclosures. Specifically, it is unlikely that Crete Carrier was surprised by these disclosures after receiving all of Mr. Chambers' medical records nearly two months before in his expert disclosures. Further, any prejudice can be cured without substantial delay. Crete Carrier's request to strike these non-retained expert disclosures is denied. Mr. Chambers shall supplement these disclosures within fourteen (14) days to comply with Rule 26(a)(2)(C) as outlined above.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Crete Carrier Corporation's Motion to Strike Plaintiff's Notice of Expert Witness Disclosures (ECF No. 25) is hereby denied. Plaintiff Jeffrey D. Chambers shall supplement his expert disclosures within fourteen (14) days as set forth above.

**IT IS SO ORDERED.**

Dated this 18th day of July, 2014, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge